TROLMAN, GLASER & LICHTMAN, P.C.
Attorneys at Law
777 Third avenue
New York, NY 10017
(212)750-1200
MICHAEL T. ALTMAN, Esq., (MA-2395)
MICHAEL A. MADONNA, Esq., (MAM-2965)
ROBERT B. JACKSON, Esq., (RJ-9884)
Attorneys for Appellants DARLENE LARNEY,
as Administratrix of the Estate of
DANIEL LARNEY, now deceased, and
DARLENE LARNEY, Individually

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re

SAINT VINCENTS CATHOLIC MEDICAL CENTERS
OF NEW YORK d/b/a SAINT VINCENT CATHOLIC
MEDICAL CENTERS, et al,

                                         Debtors,
----------------------------------------X
DARLENE LARNEY as Administratrix of
The Estate of DANIEL LARNEY, deceased,
and DARLENE LARNEY, individually,

                                         Appellants,

    -against-

SAINT VINCENT CATHOLIC MEDICAL
CENTERS OF NEW YORK, d/b/a SAINT VINCENT
CATHOLIC MEDICAL CENTERS, et al.,

                                         Appellees.
----------------------------------------X

Chapter 11

Case No. 05-14945
(ASH)

Case No. 07-cv-8778
(AKH)

**APPEAL OF DARLENE LARNEY AS ADMINISTRATRIX OF THE ESTATE OF DANIEL LARNEY, AND DARLENE LARNEY INDIVIDUALLY FROM THE BANKRUPTCY COURT'S ORDER DENYING THEIR MOTION TO FILE LATE PROOF OF CLAIM**

TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ........................................ 1

JURISDICTION ................................................. 2

STANDARD OF REVIEW ........................................... 2

STATUTES INVOLVED ............................................ 2

RELEVENT FACTS ............................................... 2

QUESTIONS PRESENTED .......................................... 4

ARGUMENT .....................................................

POINT I
APPELLANTS WERE KNOWN DEBTORS AND SHOULD
HAVE BEEN GIVEN DIRECT NOTICE.  THE BANKRUPTCY
COURT ABUSED ITS DISCRETION IN DETERMINING THAT
PUBLICATION NOTICE WAS SUFFICIENT WITH RESPECT TO
APPELLANTS................................................... 5


POINT II
SINCE NO NOTICE WAS GIVEN OF THE INDIVIDUAL DOCTORS
COVERED BY THE SUBJECT BANKRUPTCY, APPELLANTS SHOULD
HAVE BEEN PERMITTED TO FILE A LATE PROOF OF CLAIM WITH
RESPECT TO THEIR CLAIMS AGAINST THOSE INDIVIDUAL DOCTORS..   8

POINT III
SINCE THE ESTATE OF DANIEL LARNEY HAD NO
REPRESENTATIVE, CAPACITY TO RECEIVE NOTICE, OR RIGHT
TO BRING SUIT AT EITHER THE TIME THE NOTICE BY PUBLICATION
WAS PROVIDED OR AT THE TIME THE PROOF OF CLAIM FILING DEADLINE
PASSED, THE ESTATE AND ITS ADMINISTRATRIX SHOULD HAVE BEEN
GRANTED PERMISSION TO FILE A LATE PROOF OF
CLAIM.........................................................  9


POINT IV
IN THE EVENT IT IS DETERMINED APPELLANTS WERE GIVEN
NOTICE, THE FAILURE OF APPELLANTS TO FILE A TIMELY
PROOF OF CLAIM WAS THE RESULT OF EXCUSABLE
NEGLECT......................................................  10

CONCLUSION ..................................................  14

TABLE OF AUTHORITIES

<u>CASES</u>                                                                PAGES

<u>Daewoo International (America) Corp.
Creditor Trust v. SSTS America Corp.</u>,
2003 WL 21355214, 2003 U.S. Dist. Lexis
9802 (S.D.N.Y. 2003) (unreported)                                        6

<u>DePippo v. Kmart Corp.</u>,
335 B.R. 290 (S.D.N.Y. 2005)                                             6

<u>Chemetron Corp. v. Jones</u>,
72 F.3d 341 (3d Cir. 1995)                                               6, 8

<u>City of New York v. New York N.H. & H.R. Co.</u>,
344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333 (1953)                        6, 8, 9

<u>In Re: Enron Corp.</u>, 419 F.3d 115 (2d Cir. 2005)                         10, 11, 12

<u>Pioneer Investment Services, Inc. v.
Brunswick Associated Limited Partnership</u>,
507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)                    10, 11

<u>Tulsa v. Pope</u>,
485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565 (1988)                    6, 8, 9

<u>In Re: U.S.H. Corp. of New York</u>,
223 B.R. 654 (Bankruptcy S.D.N.Y. 1998)                                  6, 8, 9

<u>STATUTES</u>

28 U.S.C. section 158 (a) (1)                                            2
Federal Rules of Bankruptcy Procedure Rule 2002 (1)                      2
Federal Rules of Bankruptcy Procedure Rule 3003 (c)                      2
Federal Rules of Bankruptcy Procedure Rule 8001                          2
Federal Rules of Bankruptcy Procedure Rule 8003                          2
Federal Rules of Bankruptcy Procedure Rule 8006                          2
Federal Rules of Bankruptcy Procedure Rule 8008                          2
Federal Rules of Bankruptcy Procedure Rule 8009                          2
Federal Rules of Bankruptcy Procedure Rule 8010                          2

TROLMAN, GLASER & LICHTMAN, P.C.
Attorneys at Law
777 Third avenue
New York, NY 10017
(212)750-1200
MICHAEL T. ALTMAN, Esq., (MA-2395)
MICHAEL A. MADONNA, Esq., (MAM-2965)
ROBERT B. JACKSON, Esq., (RJ-9884)
Attorneys for Appellants DARLENE LARNEY,
as Administratrix of the Estate of
DANIEL LARNEY, now deceased, and
DARLENE LARNEY, Individually

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re

SAINT VINCENTS CATHOLIC MEDICAL CENTERS
OF NEW YORK d/b/a SAINT VINCENT CATHOLIC
MEDICAL CENTERS, et al,

                                      Debtors,
------------------------------------X
DARLENE LARNEY as Administratrix of
The Estate of DANIEL LARNEY, deceased,
and DARLENE LARNEY, individually,

                                   Appellants,

    -against-

SAINT VINCENT CATHOLIC MEDICAL
CENTERS OF NEW YORK, d/b/a SAINT VINCENT
CATHOLIC MEDICAL CENTERS, et al.,

                                   Appellees.
------------------------------------X

Chapter 11

Case No. 05-14945
(ASH)

Case No. 07-cv-8778
(AKH)

APPEAL OF DARLENE LARNEY AS ADMINISTRATRIX OF THE ESTATE OF DANIEL
LARNEY, AND DARLENE LARNEY INDIVIDUALLY FROM THE BANKRUPTCY COURT'S
ORDER DENYING THEIR MOTION TO FILE LATE PROOF OF CLAIM

**PRELIMINARY STATEMENT**

    Appellants DARLENE LARNEY, as Administratrix of the Estate of DANIEL LARNEY, now deceased, and DARLENE LARNEY, Individually, appeal to this Court from the August 28, 2007 unreported Order of United States Bankruptcy Judge Adlai S. Hardin, Jr., which denied Appellants' motion for extension of time to file a late Proof of Claim (Docket No.

3626) (hereinafter, the "Order").

## JURISDICTION

An appeal from a judgment, order or decree of a bankruptcy judge to the district court is permitted under 28 U.S.C. section 158 (a)(1). <u>See</u>, <u>also</u>, Federal Rules of Bankruptcy Procedure, Rule 8001.

## STANDARD OF REVIEW

On appeal from the bankruptcy court, the district court may affirm, modify, or reverse a bankruptcy judge's if the bankruptcy judge's decision was clearly erroneous. The standard of review for a bankruptcy court's determination with respect to adequacy of notice is "abuse of discretion." A bankruptcy judge's determinations are reviewed de novo.

## STATUTES INVOLVED

The following statutes are relevant to this appeal: Amendment 14 to the United States Constitution; 28 U.S.C. section 158 (a) (1); Federal Rules of Bankruptcy Procedure 2002 (1), 3003 (c), 8001, 8003, 8006, 8008, 8009, 8010.

## RELEVENT FACTS

Daniel Larney, now deceased, was referred to the Emergency Department of the St. Vincent's Hospital and Medical Center of New York on March 31, 2005 by his primary care physician for evaluation of possible pneumonia and anemia. He was admitted to the hospital on that day and died there on May 7, 2005. Appellants have alleged that Daniel Larney was caused to suffer a wrongful death on May 7, 2005 as a result of medical negligence and malpractice on the part of the hospital (a Debtor-Appellee), his treating physicians, many of whom

2

are covered by the bankruptcy and thus are Debtors-Appellees,[1] and of other non-debtor Defendants (collectively, "Defendants") (see Docket No. 3326).

On or about February 2, 2007, Darlene Larney was granted Letters of Administration as the Administratrix of the Estate of her late husband, Daniel Larney, now deceased, by the Honorable Renee R. Roth, a Surrogate of the County of New York.[2] Thereafter, on March 7, 2007, a Summons and Complaint were filed by Appellants in the Supreme Court of the State of New York, County of New York, against the Defendants for medical negligence and malpractice and other claims arising out of the medical care provided to Daniel Larney, now deceased, while under the care of these Defendants, including the Debtors-Appellees. The mater was assigned New York County Index number 103143/07. The named Defendants included, SAINT VINCENTS CATHOLIC MEDICAL CENTERS ("St. Vincents"), one of the Debtors-Appellees (see Docket No. 3326).

The Debtors filed their voluntary petition for relief, pursuant to Chapter 11 of Title 11 of the United States Code, on July 5, 2005. The deadline for filing Proofs of Claim against the Debtors was set as March 30, 2006. On or about April 19, 2007, counsel for the Appellants received a "Notice of Bankruptcy" from the offices of Heidell, Pittoni, Murphy & Bach, LLP, the attorneys representing the many of the individual physicians who were named as Defendants in the State Court action (see Docket Nos. 3326, 3385).

At no time were Appellants (or any members of Daniel Larney's

---

[1] The individual doctor Defendants who claim to be covered by the bankruptcy are Joseph C. Cicenia, Patricia A. Tietjen, William A. Cook, Paula Klein, Linda A. Kirschenbaum, and Luz A. Lugo (Docket No. 3322).

[2] The appointment had been delayed for many months because the Surrogates Court apparently misfiled a document that had been submitted. See Docket No. 3561.

3

family) provided with direct notice of the bankruptcy or treated as known debtors. No notice was sent to Daniel Larney's last known address. Ms. Larney was not aware of the bankruptcy or the Proof of Claim deadline and did not learn about them until approximately April 19, 2007, when her counsel in the state court action received the "Notice of Bankruptcy" from counsel for many of the individual named Defendants in the state court action. Docket No. 3561; see Docket Nos. 3326, 3385.

Defendants-Appellees have taken the position that many individual named Defendants in the state court action, who are doctors, are covered by the subject bankruptcy. None of those doctors were individually mentioned or identified in the notices published by Appellees in the subject bankruptcy. Docket Nos. 1270, 1271, 1279, 1280; see Docket Nos. 962, 1037.

## QUESTIONS PRESENTED

Question No. 1.    Whether Appellees should have received direct notice as known debtors?

Answer to Question No. 1.    It is respectfully submitted the bankruptcy court erred when it found in the negative.

Question No. 2.    Whether there has been adequate notice given with respect to the individual doctors covered by the bankruptcy proceedings.

Answer to Question No. 2.    It is respectfully submitted the bankruptcy court erred in failing to address this issue and thus, implicitly finding in the affirmative.

Question No. 3.    Whether the claim of the Estate of the deceased (and of the Administratrix for the Estate) should have been extinguished notwithstanding that the Estate had no legal representative or capacity at the time the deadline for such a filing expired.

Answer to Question No. 3.    It is respectfully submitted the bankruptcy court erred in failing to address this issue and thus, implicitly finding in the affirmative.

4

Question No. 4.        Whether under the circumstances presented, even if Appellants are deemed to somehow have had notice of the bankruptcy and the implicated Defendants, their failure to file a timely Proof of Claim was the result of an excusable neglect.

Answer to Question No. 4.   It is respectfully submitted that the bankruptcy court erred when it answered in the negative.

## ARGUMENT

### POINT I
### APPELLANTS WERE KNOWN DEBTORS AND SHOULD HAVE BEEN GIVEN DIRECT NOTICE.  THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN DETERMINING THAT PUBLICATION NOTICE WAS SUFFICIENT WITH RESPECT TO APPELLANTS

Appellants fully recognize that in a bankruptcy such as this, the bankruptcy court is inundated with applications for permission to file a late Proof of Claim and that the demands of considering such applications can be overwhelming.  A brief review of the Order strongly indicates that the bankruptcy court's denial of Appellants' application to file a late Proof of Claim was pro forma and did not involve consideration of the unique facts here at issue.  The Order made reference to its consideration of "the statements, _if any_, made on the record in support of and in opposition to the relief requested in the Motion at a hearing held in the Cases before this Court on august 27, 2007" (emphasis added).  Appellants did not attend the hearing and were not represented there.  Further, the Order provides no discussion whatsoever of the issues presented on the subject motion or the unique issues presented.  _See_ Docket No. 3626.  Unfortunately, the foregoing strongly supports the notion that the bankruptcy court did not consider the specific details presented in the subject application before rejecting it.  We respectfully submit that notwithstanding the volume of applications before the bankruptcy court related to the subject bankruptcy Appellants were, and are, entitled

5

to consideration and a fair hearing of their arguments.

The primary issue raised before the bankruptcy court was notice. The question of "[w]hether a creditor received adequate notice is a fact specific inquiry and depends on the facts and circumstances of each case." DePippo v. Kmart Corp., 335 B.R. 290 (S.D.N.Y. 2005); Daewoo International (America) Corp. Creditor Trust v. SSTS America Corp., 2003 WL 21355214, 2003 U.S. Dist. Lexis 9802 (S.D.N.Y. 2003) (unreported). Where a creditor or potential creditor is actually known or reasonably ascertainable, such a potential creditor is considered to be a "known creditor" and must be provided with actual notice; notice by publication will not suffice. Where a creditor is not known and is not reasonable ascertainable, notice by publication will suffice. Tulsa v. Pope, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565 (1988); City of New York v. New York N.H. & H.R. Co., 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333 (1953); In Re: U.S.H. Corp. of New York, 223 B.R. 654 (Bankruptcy S.D.N.Y. 1998). Any potential creditor whose claims could be reasonably ascertained from a "diligent" search of the bankrupt's own records is a "know creditor." Chemetron Corp. v. Jones, 72 F.3d 341 (3d Cir. 1995); In Re: U.S.H. Corp. of New York, 223 B.R. 654.

Due process mandates that adequate notice be provided and a failure to do so will preclude discharge of the potential creditor's claim. Tulsa, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565; City of New York, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333; In Re: U.S.H. Corp. of New York, 223 B.R. 654.

Here, Appellants were not aware of the subject bankruptcy prior to the Proof of Claim deadline; no notice was mailed or specifically

6

directed to Daniel Larney's family or sent to Daniel Larney's last known address. Rather, Appellees asserted to the bankruptcy court that notice by publication to Appellants was sufficient. According to Appellees, Appellants were creditors whose identities, addresses or potential claims were unknown or not reasonably ascertainable by the Debtors and thus, notice by publication was sufficient. Docket No. 2285 at para. 7.

Appellants, however, were reasonably ascertainable creditors, and thus, should have received direct notice.[3] The unchallenged evidence before the bankruptcy court was that Daniel Larney checked into St. Vincents for evaluation of possible pneumonia and anemia and died less that two months later, in St. Vincents under the care of Debtors-Appellees. See Docket Nos. 3326, 3561. As we argued to the bankruptcy court:

> It would certainly be reasonable to presume that the family of a person who had died while a patient of the Debtors after being admitted to one of their institutions for the treatment of a condition that was not immediately life threatening (possible pneumonia and anemia) would likely file suit for the patient's wrongful death. The apparent failure of the Risk Management Department of the St. Vincent's Hospital and Medical Center of New York to flag the chart of DANIEL LARNEY, now deceased, following his death at said institution after a six-week stay as a possible future claimant who should be put on notice as a potential Creditor should not work to the detriment of said patient's Estate.

Docket No. 3561.

We respectfully submit that a diligent search of St. Vincents' records would have revealed that, based upon the reason for his admission and subsequent death at St. Vincents, there was a

---

[3] Indeed, the bankruptcy court's Order Establishing the Deadline for Filing Certain Proofs of Claim and Approving the Form and Manner Thereof expressly mandated that direct notice was to be provided to "all parties known to the Debtors as having

7

significant possibility of potential claim with respect to the negligent treatment and resulting death of Daniel Larney; a potential claim that should have been recognized and "flagged" by the hospital's risk management staff. Accordingly, his Estate and surviving spouse should have been treated as known debtors and a mailing should have been sent to his last know address -- the address contained in St. Vincents' records. No such mailing was made and no direct notice was given. Docket No. 3561. Therefore, the potential claims here at issue were never discharged (Tulsa, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565; City of New York, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333; Chemetron, 72 F.3d 341; In Re: U.S.H. Corp. of New York, 223 B.R. 654), the bankruptcy court abused its discretion in determining otherwise, and Appellants should be granted permission to file a late Proof of Claim (see id.).

**POINT II**

**SINCE NO NOTICE WAS GIVEN OF THE INDIVIDUAL DOCTORS COVERED BY THE SUBJECT BANKRUPTCY, APPELLANTS SHOULD HAVE BEEN PERMITTED TO FILE A LATE PROOF OF CLAIM WITH RESPECT TO THEIR CLAIMS AGAINST THOSE INDIVIDUAL DOCTORS.**

As Appellants set forth before the bankruptcy court, it was only upon receipt of the "Notice of Bankruptcy" from counsel for many of the individual named Defendants in the state court action on or about April 19, 2007, that Appellants learned that any of the individual doctors named as Defendants were covered by the subject bankruptcy. Docket Nos. 3326, 3561. None of the publication notices listed or named any of the individual Defendants as being subject to the bankruptcy. Docket Nos. 1270, 1271, 1279, 1280; see Docket Nos. 962,

---

potential claims against the Debtors' estates" (Docket No. 1037).

8

1037. Accordingly, Appellants received no notice (either directly or by publication) that the individual doctors were covered by the subject bankruptcy (or any bankruptcy). As demonstrated above, Appellants had a due process right to such notice before their claims against the individually named doctor Defendants could be discharged by the bankruptcy court. Accordingly, the bankruptcy court abused its discretion when it denied Appellants' application to file a late Proof of Claim with respect to the individually named doctor Defendants who are subject to the bankruptcy. See Tulsa, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565; City of New York, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333; In Re: U.S.H. Corp. of New York, 223 B.R. 654.

**POINT III**

**SINCE THE ESTATE OF DANIEL LARNEY HAD NO REPRESENTATIVE, CAPACITY TO RECEIVE NOTICE, OR RIGHT TO BRING SUIT AT EITHER THE TIME THE NOTICE BY PUBLICATION WAS PROVIDED OR AT THE TIME THE PROOF OF CLAIM FILING DEADLINE PASSED, THE ESTATE AND ITS ADMINISTRATRIX SHOULD HAVE BEEN GRANTED PERMISSION TO FILE A LATE PROOF OF CLAIM.**

It is undisputed that Ms. Larney was appointed Administratrix for the Estate of Daniel Larney on February 2, 2007. Until that moment, the Estate had no legal representative, capacity to receive notice, or capacity to sue under New York State law. Thus, at the time notice by publication was made as well as the time the Proof of Claim deadline passed, the Estate of Daniel Larney had no capacity receive any notice that may have been provided of the bankruptcy or to file suit for Debtors-Appellees' (or any Defendants') negligence or for the wrongful death of Daniel Larney. See Docket Nos. 3326, 3561. For this reason, the Estate (and its Administratrix) should have been permitted to file a late Proof of Claim once the Administratrix had been appointed and learned of the bankruptcy.

9

In opposing Appellants' application, the Debtors apparently recognized the strength of the foregoing argument and asserted that even if the Estate had no capacity, that did not excuse Ms. Larney's failure to file on her own behalf. See Docket No. 3385. As with every other unique issue raised by Appellants herein in their application to the bankruptcy court, this issue was not addressed in the court's pro forma rejection of the application.

Although (surprisingly) we have not been able to find cases addressing this issue, it seems clear that since the Estate had no representative, capacity to receive notice, or capacity to sue at the time the Proof of Claim deadline passed, the Estate should have been granted permission to file a late Proof of Claim and it was error to deny the Estate and its Administratrix permission to do so.

**POINT IV**

**IN THE EVENT IT IS DETERMINED APPELLANTS WERE GIVEN NOTICE, THE FAILURE OF APPELLANTS TO FILE A TIMELY PROOF OF CLAIM WAS THE RESULT OF EXCUSABLE NEGLECT.**

Where a potential claimant has received notice but failed to file a timely Proof of Claim, the claimant should be permitted to file a late Proof of Claim if its failure to timely file was due to excusable neglect. The determination as to whether a neglect to timely file was excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Services, Inc. v. Brunswick Associated Limited Partnership, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993); In Re: Enron Corp., 419 F.3d 115 (2d Cir. 2005). The factors to be considered include: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for

the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" (the "Pioneer test"). Pioneer, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74. In applying the Pioneer test, courts focus upon the third factor: "the reason for the delay, including whether it was within the reasonable control of the movant," which in most cases does not bode well for the potential claimant. In Re: Enron Corp., 419 F.3d 115.

Here, however, that factor (as well as all the others), redound to Appellants' benefit. With respect to the individual Defendant-Appellee doctors, the decision not to name or list the individuals in the bankruptcy notice publications was wholly in the province of the Debtors-Appellees and the bankruptcy court. Appellants had no role in the decision not to make the public aware that individual doctors were covered by the bankruptcy. Accordingly, at a minimum, even if this Court should somehow find that Appellants were correctly deemed to have notice that the individually named doctors were subject to the bankruptcy notwithstanding that no notice was ever given, the fact that Appellants did nothing wrong, were never informed that the individually named doctors were subject to the bankruptcy, and had no control over not having been informed -- at worst for Appellants -- would constitute "excusable neglect," and they should nonetheless have been permitted to file a late Proof of Claim with respect to those individual doctors.

Further, Appellant Darlene Larney, as Administratrix for the Estate of Daniel Larney, did not exist (in that capacity) at the time the Proof of Claim deadline came and passed. The Estate had no capacity under state law to receive notice or to bring suit or make

11

claim until an administrator was appointed on February 2, 2007. Similarly, Darlene, Larney, as Administratrix, had no role with respect to the Estate sufficient to receive notice or protect or preserve the Estate's rights until her February 2, 2007 appointment. Accordingly, the delay in filing was not within the control of the Estate or of Darlene Larney, in her role as Administratrix for the Estate of Daniel Larney. Thus, at the time the deadline for filing a Proof of Claim passed, the Estate had no control over filing such a Proof of Claim.

We respectfully submit that the foregoing two paragraphs demonstrate that here, as opposed to in most instances, the most important factor to be considered in making an excusable neglect determination, "the reason for the delay, including whether it was within the reasonable control of the movant," (In Re: Enron Corp., 419 F.3d 115), weighs strongly in Appellants' favor. The other prongs of the Pioneer test similarly weigh in Appellants' favor. The only possible prejudice to the Debtor that Appellees claimed before the bankruptcy court was the impact of allowing a late filing upon the bankruptcy reorganization (see Docket No. 3385). Yet, as Appellees further conceded, as the time the instant matter was before the bankruptcy court, no reorganization plan had been finalized or voted upon (see Docket No. 3385). Thus, the Pioneer test prongs of "the danger of prejudice to the debtor" and "the length of the delay and its potential impact on judicial proceedings" both factored in Appellants' favor (or, at the least, were neutral). This is especially true since Appellants' claim is statistically negligible in light of the total unsecured claims in the subject bankruptcy of

almost $400,000,000.00 (see Docket No. 3561). The final prong of the Pioneer test, "whether the movant acted in good faith," should also factor heavily in Appellants' favor. All of the evidence before the bankruptcy court was that Appellants acted in good faith at all times; there was not even an assertion to the contrary.

Not only does application of the individual prongs of the Pioneer test weigh in Appellants' favor, but more importantly, consideration of the express goal of the Pioneer test -- equity -- also weighs heavily in Appellants' favor. After all, 1) Appellants' were never given notice of any kind before the Proof of Claim deadline passed that the individual doctor Defendants named in the state court action were Debtors covered by the bankruptcy; 2) the Estate had no representation or capacity to act under state law at the time the Proof of Claim deadline passed at the time; 3) and no reorganization plan had been finalized or voted upon when this motion was presented. Under these circumstances, it is simply by unfair (an thus, inequitable) to preclude Appellants' from filing a late Proof of Claim in this matter.

What is especially disturbing is not only that the bankruptcy court provided no indication whatsoever that it considered the unique factors presented herein, but its Order actually provides strong indication that it did not consider the unique aspects of this matter by use of pro forma language referencing its consideration of "the statements, if any, made on the record in support of and in opposition to the relief requested in the Motion at a hearing held in the Cases before this Court on august 27, 2007" (emphasis added), a hearing at which Appellants were not present or represented.

13

## CONCLUSION

Since Appellants were known debtors as their claim should have been ascertained by a diligent search of the bankrupts' own records, Appellants had a due process right to direct notice which was never given. Accordingly, their rights to bring claim have never been discharged and Appellants application for permission to file a late Proof of Claim should have been granted.

In any event, since no notice, either direct or by publication, was ever provided with respect to the individual doctor Debtor Defendants-Appellees, Appellants' due process right to notice was violated, their rights to bring claim against the individual doctor Debtor Defendants-Appellees have never been discharged and Appellants' application for permission to file a late Proof of Claim for all claims against the individual doctor Debtor Defendants-Appellees should have been granted.

Since no administrator had been appointed for the Estate at the times notice was published and the Proof of Claim fling deadline passed and the Estate had no capacity to act, receive notice, or bring claim under state law at such times, at a minimum, the Estate and Darlene Larney, in her role as Administratrix (even if not individually), should have been permitted to file a late notice of claim.

Finally, even if Appellants could somehow be deemed to have been given notice of the bankruptcy Debtors (notwithstanding that the Estate had no capacity to receive such notice at the time it was given and the individual doctor Debtor Defendants were not listed or named in any publication notice), application of the Pioneer test

demonstrates that any neglect by Appellants was excusable and it was error to either have not considered the unique facts presented or to have found that they did not demonstrate excusable neglect. Even if this Court were to find that such is not the case with respect to all Appellants or all of Appellants' claims, it is undoubtedly true with respect to Appellants' claims against the individual doctor Debtor Defendants-Appellees and all claims made by the Estate and Darlene Larney, in her capacity as Administratrix.

For all the foregoing reasons, the August 28, 2007 Order of United States Bankruptcy Judge Adlai S. Hardin, Jr., which denied Appellants' motion for extension of time to file a late Proof of Claim (Docket No. 3626) should be reversed and Appellants' application for permission to file a late Proof of Claim should be granted.

Dated:  New York, New York
        November 26, 2007

/s/ MICHAEL T. ALTMAN
MICHAEL T. ALTMAN, Esq., (MA-2395)
MICHAEL A. MADONNA, Esq., (MAM-2965)
ROBERT B. JACKSON, Esq., (RJ-9884)
TROLMAN, GLASER & LICHTMAN, P.C.
Attorneys at Law
777 Third avenue
New York, NY 10017
(212)750-1200

Attorneys for Appellants DARLENE LARNEY,
as Administratrix of the Estate of
DANIEL LARNEY, now deceased, and DARLENE
LARNEY, Individually

15

<u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK  }
                   } ss.:
COUNTY OF NEW YORK }

MICHAEL T. ALTMAN, being duly sworn, deposes and says:

Deponent is not a party to the action, is over the age of 18 years and resides in New York.

That on the 26th day of November, 2007, deponent served the within APPEAL OF DARLENE LARNEY AS ADMINISTRATRIX OF THE ESTATE OF DANIEL LARNEY, AND DARLENE LARNEY INDIVIDUALLY FROM THE BANKRUPTCY COURT'S ORDER DENYING THEIR MOTION TO FILE LATE PROOF OF CLAIM upon the following, at the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States Postal Service, within the State of New York AND VIA E-MAIL AT ANDREW. TROOP@CWT.COM:

ANDREW M. TROOP, ESQ.
CADWALADER, WICKERSHAM & TAFT, LLP.
One World Financial Center
New York, NY 10218


/s/ MICHAEL T. ALTMAN
MICHAEL T. ALTMAN, Esq., (MA-2395)

Sworn to before me this
26th day of November, 2007


/s/ _BETTY VIDAURRE_____
     BETTY VIDAURRE
     Notary Public of the State of New York
     My Commission Expires 12/1//2007