**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK d/b/a SAINT VINCENT CATHOLIC MEDICAL CENTERS, *et al.*, | Case No. 05-14945 (ASH) |
| Debtors. | |
| DARLENE LARNEY, as Administratrix of the estate of DANIEL LARNEY, deceased, and DARLENE LARNEY, individually, | |
| Appellants, | Case No. 07-cv-8778 (AKH) |
| v. | |
| SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK d/b/a SAINT VINCENT CATHOLIC MEDICAL CENTERS, *et al.*, | |
| Appellees. | |

---

**BRIEF OF APPELLEES**
**SAINT VINCENTS CATHOLIC MEDICAL CENTERS OF NEW YORK, et al.**

---

*On Appeal from the United States Bankruptcy Court*
*for the Southern District of New York*

Deryck A. Palmer, Esq. (DAP 6351)
John J. Rapisardi, Esq. (JR 7781)
Andrew M. Troop, Esq. (AT 0750) (*pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York  10281
Telephone:    (212) 504-6000
Facsimile:    (212) 504-6666

*Counsel to the Appellees*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ISSUES PRESENTED ON APPEAL.......................................................................... 1

STANDARD OF REVIEW ........................................................................................ 2

STATEMENT OF FACTS ......................................................................................... 2

SUMMARY OF ARGUMENT .................................................................................. 6

ARGUMENT............................................................................................................... 6

    I.      APPELLANTS WERE UNKNOWN CREDITORS OF THE
           APPELLEES ENTITLED TO NOTICE BY PUBLICATION ..............................6

    II.     THE PUBLICATION NOTICE WAS SUFFICIENT NOTICE TO
           APPELLANTS OF THE BAR DATE.................................................................9

    III.   APPELLANTS HAVE FAILED TO PROVE EXCUSABLE NEGLECT...........11

         A.     Appellants Have Failed to Provide an Adequate Reason
                for the Delay in Filing a Proof of Claim ....................................................13

         B.     The Length of Appellants' Delay in Filing
                a Proof of Claim Was Substantial.............................................................15

         C.     Allowing Appellants to File a Late Proof of Claim
                Would Substantially Prejudice the Appellees............................................16

CONCLUSION............................................................................................................ 17

## TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

In re Andover Togs, Inc., 231 B.R. 521 (Bankr. S.D.N.Y. 1999) ...................................13

In re Best Prods. Co., Inc., 140 B.R. 353 (Bankr. S.D.N.Y. 1992) ......................................7, 10, 11

Brown v. Seaman Furniture Co., 171 B.R. 26 (E.D. Pa. 1994) ....................................7, 10

Charter Crude Oil Co. v. Petroleos Mexicanos (In re Charter Co.), 125 B.R. 650 (M.D. Fla. 1991) ........................................................................................................................8

In re Chicago, M., S. P. & P. R. Co., 112 B.R. 920 (N.D. Ill. 1990)..............................10

City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041 (10th Cir. 1994) ..............13

DePippo v. Kmart Corp., 335 B.R. 290 (S.D.N.Y. 2005) ....................................7, 8, 10

In re Drexel Burnham Lambert Group, Inc., 146 B.R. 84 (S.D.N.Y. 1992)....................2

In re Drexel Burnham Lambert Group, Inc., 129 B.R. 22 (Bankr. S.D.N.Y. 1991)........................2

In re Enron Corp., 298 B.R. 513 (Bankr. S.D.N.Y. 2003), aff'd 419 F.3d 115 (2d Cir. 2005) ...................................................................................................................13, 15

First Fidelity Bank, N.A. v. Hooker Investments, Inc. (In re Hooker Investments, Inc.), 937 F.2d 833 (2d Cir. 1991) .....................................................................................11

In re Freeman, 956 F.2d 252 (11th Cir. 1992) ................................................................1

Grant v. U.S. Home Corp. (In re U.S.H. Corp. of New York), 223 B.R. 654 (Bankr. S.D.N.Y. 1998) .............................................................................................7, 8, 9, 10

Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1 (1st Cir. 2001).............................................................................................13

In re Infiltrator Sys., Inc., 241 B.R. 278 (Bankr. D. Conn. 1999) ................................15

In re Integrated Res., Inc., 157 B.R. 66 (S.D.N.Y. 1993)................................................2

Jones v. Chemetron Corp., 212 F.3d 199 (3d Cir. 2000)................................................13

In re Keene Corp., 188 B.R. 903 (Bankr. S.D.N.Y. 1995) ............................................16

Lowry v. McDonnell Douglas Corp., 211 F.3d 457 (8th Cir. 2000) ..............................14

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S. Ct. 2706 (1983) ...............................8

Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115
 (2d Cir. 2005)...........................................................................................2, 12, 14, 16

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S. Ct. 652 (1950) .................7, 8

New York v. New York, N. H. & H. R. Co., 344 U.S. 293, 73 S. Ct. 299 (1953) ..........................7

Pioneer Inv. Servs. Co., v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 113 S. Ct. 1489
 (1993)...............................................................................................................13

In re Thompson McKinnon Sec., Inc., 130 B.R. 717 (Bankr. S.D.N.Y. 1991) ...............................8

United States v. Torres, 372 F.3d 1159 (10th Cir. 2004)...............................................13

Weigner v. New York, 852 F.2d 646 (2d Cir. 1988).....................................................7

Wright v. Placid Oil Co., 107 B.R. 104 (N.D. Tex. 1989) ...............................................10

In re XO Commc'ns, Inc., 301 B.R. 782 (Bankr. S.D.N.Y. 2003)......................................8, 10, 15

Zimmerman v. Jenkins (In re GGM, P.C.), 165 F.3d 1026 (5th Cir. 1999) .....................................1

## FEDERAL STATUTES

Fed. R. Bankr. P. 2002(l) ..............................................................................3

Fed. R. Bankr. P. 3003(a) .............................................................................11

Fed. R. Bankr. P. 9006(b) .............................................................................12

## PRELIMINARY STATEMENT

Darlene Larney, as Administratrix of the estate of Daniel Larney, and Darlene Larney individually ("Appellants"), have appealed from an order of the United States Bankruptcy Court for the Southern District of New York (Adlai S. Hardin, J.) dated August 28, 2007 (the "Order") denying Appellants' motion to file a late proof of claim in the bankruptcy case of Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers ("SVCMC") and its affiliated debtors (collectively with SVCMC, the "Appellees"). Because (i) Appellants failed to demonstrate a justifiable reason for (a) missing the deadline to file a proof of claim and (b) waiting more than fifteen months to seek leave to file a late proof of claim, and (ii) the Appellees have demonstrated that they would be prejudiced should a late claim now be allowed, the court below was correct in denying Appellants' motion, and this Court should affirm the Order.

## ISSUES PRESENTED ON APPEAL[1]

(1)    Whether the mode chosen to deliver "notice" in the form of the Bar Date Notice by publication alone, was reasonable and sufficient.

---

[1] The issues presented on appeal are as stated in Appellants' Designation of Items to be Included on the Record on Appeal (see Docket No. 2). In their brief, however, Appellants state the issues presented on appeal differently, as: (1) "[w]hether Appellees should have received direct notice as known debtors"; (2) "[w]hether there has been adequate notice given with respect to the individual doctors covered by the bankruptcy proceedings"; (3) "[w]hether the claim of the Estate of the deceased (and of the Administratrix for the Estate) should have been extinguished notwithstanding that the Estate had no legal representative or capacity at the time the deadline for such a filing expired"; and (4) "[w]hether under the circumstances presented, even if Appellants are deemed to somehow have had notice of the bankruptcy and the implicated Defendants, their failure to file a timely Proof of Claim was the result of an excusable neglect."

This revision of the issues presented on appeal is inappropriate. Zimmerman v. Jenkins (In re GGM, P.C.), 165 F.3d 1026, 1032 (5th Cir. 1999) (holding that failure of a bankruptcy appellant to designate issues as required by Bankruptcy Rule 8006 results in a waiver of those issues); In re Freeman, 956 F.2d 252, 255 (11th Cir. 1992) (same). Nonetheless, the Appellees believe that this brief addresses all of the issues presented by Appellants, whether or not timely and properly raised.

(2)    Whether Larney's inability to timely file a Proof of Claim, under the circumstances presented, constitutes "excusable neglect," sufficient to require allowing the filing of a late Proof of Claim.

## STANDARD OF REVIEW

Bankruptcy court decisions denying a request by a claimant for leave to file a late proof of claim under rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") are reviewed under an "abuse of discretion" standard.  Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 124 (2d Cir. 2005) ("Bankruptcy court decisions to deny a request to file [a proof of claim] late are reviewed for abuse of discretion."); In re Integrated Res., Inc., 157 B.R. 66, 72 (S.D.N.Y. 1993) ("Matters concerning decisions within the discretion of bankruptcy judges will not be disturbed by the district court unless the district court finds that no reasonable man could agree with the bankruptcy judge's decision."); In re Drexel Burnham Lambert Group, Inc., 146 B.R. 84, 87 (S.D.N.Y. 1992) ("Since the determination of whether or not a case is an appropriate one in which to grant a request to file late under Bankruptcy Rule 9006 is expressly left to the Bankruptcy Court's discretion, this Court may review the Bankruptcy Court's decision for abuse of discretion only.").

Requests for extensions of time to file proofs of claim are "strictly scrutinized" because of the importance of the bar date to the reorganization of the debtor and the administration of its estate.  In re Drexel Burnham Lambert Group, Inc., 146 B.R. at 87; In re Drexel Burnham Lambert Group, Inc., 129 B.R. 22, 24 (Bankr. S.D.N.Y. 1991).

## STATEMENT OF FACTS

Appellants allege that on or about March 31, 2005, Daniel Larney was "referred to the Emergency Services Department of St. Vincent's Hospital and Medical Center of New

York" for evaluation of possible pneumonia and anemia. Appellants' Brief, at 2. Appellants further allege that Daniel Larney remained in the care of the hospital until May 7, 2005, when he passed away. Id.

Subsequently, on July 5, 2005, the Appellees filed their voluntary petitions for relief under chapter 11, title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under the jointly administered case number 05-14945 (the "Bankruptcy Case") (the "Commencement Date").

On January 11, 2006, the Appellees filed a motion (the "Bar Date Motion") for an order establishing the deadline for filing proofs of claim in the Bankruptcy Case and approving the form and manner of notice of this deadline. See Bankruptcy Court Docket No. 962; A. 1-37.[2] In the Bar Date Motion, the Appellees sought approval of a form of notice to be mailed to known creditors of the Appellees. As contemplated by Bankruptcy Rule 2002(l),[3] the Appellees also sought authority to provide publication notice of the deadline to file proofs of claim to (i) those creditors to whom no other notice was sent and who were unknown or not reasonably ascertainable by the Appellees; (ii) known creditors with addresses unknown by the Appellees; and (iii) potential creditors with claims unknown by the Appellees. See Bar Date Motion at ¶ 22; A. 12. The Appellees argued in the Bar Date Motion that it would be impractical for them to mail notice to every patient who had received health care services from the Appellees, and that publication notice would be reasonably calculated under the circumstances to apprise interested

---

[2] References to "A. ___ " are to the Appendix to the Appellees' brief. The Appendix contains certain documents included in the Record on Appeal that have been cited in this brief. Due to the size of the Appendix, it has not been filed electronically, but a copy has been provided to the Court and to Appellants, and will be provided upon request.

[3] Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).

parties of the pendency of the Bankruptcy Case and the deadline for filing proofs of claim. Bar Date Motion at ¶¶ 22 and 24; A. 12, 13.

By an order dated January 25, 2006 (the "Bar Date Order"), the Bankruptcy Court established March 30, 2006, at 4:00 p.m. New York time as the deadline (the "Bar Date") for filing proofs of claim in the Bankruptcy Case based on debts or liabilities asserted against the Appellees that arose prior to the Commencement Date. See Bankruptcy Case Docket No. 1037; A. 38-45.

Additionally, in the Bar Date Order, the Bankruptcy Court approved the Appellees' proposed publication notice of the Bar Date and authorized the Appellees to provide notice of the Bar Date by publishing such notice in The New York Times (National Edition), as well as in the largest local paper of general circulation in Brooklyn, Queens, Staten Island, the Bronx and Westchester. Bar Date Order at 7; A. 44. The Appellees published the court-approved notice of the Bar Date in The New York Times, The Daily News and the Staten Island Advance on March 9, 2006, and in The Journal News on March 10, 2006.

At some point prior to February 2, 2007, Appellants retained counsel with respect to claims allegedly arising from the care and treatment of Daniel Larney. Motion to File Late Claim (defined below), ¶ 10; A. 52. Subsequently, on or about February 2, 2007, Darlene Larney was named Administratrix of Daniel Larney's estate and on or about March 7, 2007 (approximately one year after the Bar Date and 22 months after Daniel Larney passed away), Appellants, in violation of the automatic stay provided by section 362 of the Bankruptcy Code, filed a complaint against Saint Vincent Catholic Medical Centers with the Supreme Court of the State of New York for medical negligence and malpractice.

On June 5, 2007, the Appellees filed their first amended chapter 11 plan of reorganization and liquidation (the "Plan") and a related disclosure statement (the "Disclosure

Statement"). See Bankruptcy Docket Nos. 3207 and 3206; A. 61-350.  As set forth in the Disclosure Statement (see, e.g., Disclosure Statement at 3-5, 50, 67-69; A. 188-90; 235, 252-54), the Plan was structured in part in reliance on the estimates of the Appellees' medical malpractice liability provided by the estimation consultants, Caronia Corporation ("Caronia"), who had been jointly hired by the Appellees, the official committee of tort claimants and the official committee of unsecured creditors, and contained in a report dated March 15, 2007, and publicly filed in June 2007 (the "Caronia Report," see Bankruptcy Case Docket No. 3174; A. 351-62).  This report was based on timely filed claims and claims deemed timely filed as of October 2006.  The Court approved the Plan by order entered July 27, 2007 (see Bankruptcy Docket No. 3490; A. 372-417), and the Plan became effective on August 30, 2007.

Appellants did not file a proof of claim in the Bankruptcy Case prior to the Bar Date.  On July 2, 2007, more than four months after filing a lawsuit against the Appellees and fifteen months after the Bar Date, Appellants filed a motion to file a late proof of claim ("Motion to File Late Claim") on the grounds that (i) Appellants never received notice of the Bar Date and (ii) Appellants' failure to timely file a proof of claim was excusable.  See Bankruptcy Case Docket No. 3326; A. 46-60.

On July 17, 2007, the Appellees filed an objection to the Motion to File Late Claim (the "Objection"), which argued that Appellants failed to show cause to extend the time within which proofs of claim may be filed.  See Bankruptcy Case Docket No. 3385; A. 418-29. On August 9, 2007, Appellants filed a reply affidavit in further support of the Motion to File Late Claim (the "Reply Affidavit," see Bankruptcy Docket No. 3561; A. 430-44).  On August 27, 2007, a hearing was held to consider the Motion to File Late Claim; however counsel to Appellants did not attend.  The Bankruptcy Court entered the Order denying the Motion to File Late Claim on August 29, 2007.  See Bankruptcy Case Docket No. 3626; A. 445-46.

Appellants appealed the Order and the appeal was docketed by this Court on October 11, 2007 (see Docket No. 1).

### SUMMARY OF ARGUMENT

Appellants failed to file a proof of claim prior to the court-ordered bar date established in the Appellees' bankruptcy case. Appellees did not know and had no reason to know that Appellants allegedly held a claim against Appellees, and accordingly, Appellants received notice of the bar date by the publication of notice as directed and deemed sufficient by the Bankruptcy Court. Appellants have failed to provide any legitimate explanation for their failure to timely file a proof of claim by the Bar Date or to seek leave to file a late claim for sooner than five months after Appellants retained counsel and four months after improperly filing a state-court lawsuit against the Appellees. The Bankruptcy Court, therefore, did not abuse its discretion in denying Appellants' motion to file a late proof of claim, and this Court should affirm the decision of the Bankruptcy Court.

### ARGUMENT

**I.    APPELLANTS WERE UNKNOWN CREDITORS OF THE APPELLEES ENTITLED TO NOTICE BY PUBLICATION**

Appellants argue that they were "known" creditors of the Appellees as of the Commencement Date and therefore, the Appellees were required to give actual notice of the Bar Date. Appellants' Brief, at 7; Reply Affidavit, at ¶¶ 6-8; A. 433-35. However, Appellants had not asserted a claim against Appellees or otherwise informed them of their claim as of the date of the Bar Date Motion (filed on January 11, 2006), and Appellees had no independent basis for knowing that Appellants had or believed they had a claim. Quite simply, not every adverse outcome in a hospital is malpractice, giving rise to a claim. As an "unknown creditor," Appellants were entitled to constructive notice by publication of the bar date.

In order to satisfy due process, notice of a bar date must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S. Ct. 652 (1950). "The proper inquiry . . . is whether the party giving notice acted reasonably in selecting means likely to inform persons affected, not whether each person actually received notice." Weigner v. New York, 852 F.2d 646, 649 (2d Cir. 1988); DePippo v. Kmart Corp., 335 B.R. 290, 295 (S.D.N.Y. 2005); In re Best Prods. Co., Inc., 140 B.R. 353, 357-58 (Bankr. S.D.N.Y. 1992).

Where notice of the bar date satisfies due process, an order confirming a debtor's plan of reorganization operates to discharge all unsecured debts and liabilities, even those of tort victims who were unaware of the debtor's bankruptcy. DePippo, 335 B.R. at 295; Grant v. U.S. Home Corp. (In re U.S.H. Corp. of New York), 223 B.R. 654, 657 (Bankr. S.D.N.Y. 1998); Brown v. Seaman Furniture Co., 171 B.R. 26, 27 (E.D. Pa. 1994).

The Supreme Court has held that while actual notice of the bar date is required if the creditor is a "known" creditor, constructive notice is sufficient where a creditor is "unknown." See New York v. New York, N. H. & H. R. Co., 344 U.S. 293, 296, 73 S. Ct. 299 (1953); Mullane, 339 U.S. at 317; see also DePippo, 335 B.R. at 295-96; In re Best Prods. Co., Inc., 140 B.R. at 357. Such constructive notice is sufficient to satisfy due process requirements because, "in the case of persons missing or unknown, employment of an indirect and even probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights." Mullane, 339 U.S. at 317.

An "unknown" creditor is a claimant whose identity or potential claim cannot be reasonably ascertained or does not come to light in the due course of the debtor's business operations. Id. at 317 (a creditor is "unknown" if their "interests are either conjectural or future

or, although they could be discovered upon investigation, do not in the ordinary course of business come to knowledge [of the debtor].”); In re U.S.H. Corp. of New York, 223 B.R. at 659 (same); In re XO Commc'ns, Inc., 301 B.R. 782, 793 (Bankr. S.D.N.Y. 2003) (“An ‘unknown’ creditor is a claimant whose identity or claim is not ‘reasonably ascertainable’ or is merely ‘conceivable, conjectural or speculative’”); In re Thompson McKinnon Sec., Inc., 130 B.R. 717, 720 (Bankr. S.D.N.Y. 1991) (same).

A creditor's identity is “reasonably ascertainable” if that creditor can be identified through “reasonably diligent efforts.” In re U.S.H. Corp. of New York, 223 B.R. at 659 (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798 n. 4, 103 S. Ct. 2706 (1983)); In re XO Commc'ns, Inc., 301 B.R. at 793. Reasonable diligence does not require impracticable and extended searches in the name of due process. Mullane, 339 U.S. at 317 (“We recognize the practical difficulties and costs that would be attendant on frequent investigations into the status of great numbers of [claimants] . . . and we have no doubt that such impracticable and extended searches are not required in the name of due process.”). Indeed, a debtor does not have a “duty to search out each conceivable or possible creditor and urge that person or entity to make a claim against it.” In re XO Commc'ns, Inc., 301 B.R. at 793, see also In re U.S.H. Corp. of New York, 223 B.R. at 659; Charter Crude Oil Co. v. Petroleos Mexicanos (In re Charter Co.), 125 B.R. 650, 654 (M.D. Fla. 1991). The requisite search instead focuses on a careful examination of the debtor's own books and records. DePippo, 335 B.R. at 296; In re U.S.H. Corp. of New York, 223 B.R. at 659; In re XO Commc'ns, Inc., 301 B.R. at 793.

In the Appellees' Objection, facts and evidence were presented upon which the Bankruptcy Court based its decision denying Appellants' Motion to File Late Claim. As set forth in the Appellees' Objection, and not controverted by Appellants, Appellants did not assert any claims against the Appellees prior to the date that notice of the Bar Date was published, and

did not file any papers in the Bankruptcy Case prior to that date. Objection at ¶ 13; A. 423. Further, Appellants did not appear on the schedules of actual and potential malpractice claims maintained by the Appellees at the time notice of the Bar Date was provided. Id. The potential alleged claim of Appellants was not reflected on the Appellees' books and records, and did not come to light in the ordinary course of the Appellees' business operations. Id. Accordingly, Appellants were "unknown" to the Appellees at the time notice of the Bar Date was provided, and the publication by the Appellees of notice of the Bar Date was, for the reasons set forth below, sufficient notice to Appellants.

## II.    THE PUBLICATION NOTICE WAS SUFFICIENT NOTICE TO APPELLANTS OF THE BAR DATE

The publication notice of the Bar Date provided by the Appellees was deemed sufficient constructive notice by the Bankruptcy Court and satisfied due process requirements for all unknown creditors.

As described above, in order to provide notice of the Bar Date to unknown creditors, including potential medical malpractice claimants, the Bar Date Order authorized the Appellees to publish notice of the Bar Date in The New York Times (National Edition), as well as in the largest local paper of general circulation in Brooklyn, Queens, Staten Island, the Bronx and Westchester, because these are the local areas in which the Appellees provided services and where their patients live. Bar Date Order at 7; A. 44. Accordingly, the Appellees published a court-approved notice of the Bar Date in The New York Times, The Daily News and the Staten Island Advance on March 9, 2006, and in The Journal News on March 10, 2006.

Publication in national newspapers of notice of a bar date is regularly deemed sufficient notice to unknown creditors, especially where supplemented with notice in papers of general circulation in locations where the debtor is conducting business. See In re U.S.H. Corp.

of New York, 223 B.R. at 658-59; In re Best Prods. Co., Inc., 140 B.R. at 358; see also Brown v.
Seaman Furniture Co., 171 B.R. 26 (E.D. Pa. 1994); In re Chicago, M., S. P. & P. R. Co., 112
B.R. 920 (N.D. Ill. 1990); Wright v. Placid Oil Co., 107 B.R. 104 (N.D. Tex. 1989).

Courts in the Southern District of New York have found that published notice of
the time to file proofs of claim similar to that used by the Appellees is sufficient to bar "unknown
creditors" from filing proofs of claim after that period has expired.  In DePippo v. Kmart Corp.,
the District Court for the Southern District of New York found that notice of the time for filing
proofs of claim, provided through publication in The New York Times, The Wall Street Journal
and USA Today, was sufficient to bar a claimant who had not timely filed a proof of claim from
asserting a prepetition claim against the debtor.  DePippo v. Kmart Corp., 335 B.R. 290, 296
(S.D.N.Y. 2005).  In In re XO Commc'ns, Inc., the Bankruptcy Court for the Southern District of
New York found that publication in the Wall Street Journal of notice of the time to file proofs of
claim was sufficient notice to bar the filing of a late proof of claim by a creditor that had not
received actual notice of the filing deadline.  In re XO Commc'ns, Inc., 301 B.R. 782, 792-93
(Bankr. S.D.N.Y. 2003).

Indeed, "[d]ebtors cannot be required to provide actual notice to anyone who
potentially could have been affected by their actions [because] such a requirement would
completely vitiate the important goal of prompt and effective administration and settlement of
the debtors' estate."  DePippo, 335 B.R. at 297; In re U.S.H. Corp. of New York, 223 B.R. at
659.

The Bankruptcy Court approved the Appellees' publication notice of the Bar Date
and held that such publication "shall be deemed good, adequate, and sufficient publication notice
of the Bar Date."  Bar Date Order at 7; A. 44.  The Bankruptcy Court held that no separate

procedures to provide notice to medical malpractice claimants of the Bankruptcy Case and the Bar Date were necessary.  Bar Date Order at 4; A. 41.

The Bar Date Order also provided that "notification of the relief granted by [the Bar Date Order] . . . is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claim they may have against the [Appellees] in these chapter 11 cases." Bar Date Order at 8; A. 45.

The publication notice of the Bar Date provided by the Appellees was reasonably calculated to apprise unknown creditors, including Appellants, of the necessity to file a proof of claim before March 30, 2006.  Because Appellants were unknown creditors as of the Commencement Date and at the time Bar Date Order was entered, this notice satisfied due process and was sufficient to bind Appellants to the filing requirements of the Bar Date Order.

## III.    APPELLANTS HAVE FAILED TO PROVE EXCUSABLE NEGLECT

As an unknown creditor who received sufficient notice of the Bar Date by publication notice, Appellants must show that their failure to file a timely proof of claim was due to excusable neglect.  In re Best Prods. Co., Inc., 140 B.R. at 359.  Appellants have failed to prove excusable neglect and the Bankruptcy Court did not abuse its discretion in denying Appellants' Motion to File Late Claim.

In order to safeguard the finality of bankruptcy proceedings, Bankruptcy Rule 3003(a) provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(a).

"The bar date order in a chapter 11 case serves the important purpose of enabling the parties in interest to ascertain with reasonable promptness the identity of those making claims against the estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." In re Best Prods. Co., Inc., 140 B.R. at 357 (quoting First Fidelity

Bank, N.A. v. Hooker Investments, Inc. (In re Hooker Investments, Inc.), 937 F.2d 833, 840 (2d Cir. 1991)).

The Bar Date Order in the Appellees' bankruptcy case states that, with several exceptions that are not applicable in this appeal, all potential creditors were required to file a proof of claim by March 30, 2006 at 4:00 p.m. New York time. Bar Date Order at 3,4; A. 40, 41.

The Bar Date Order further provides that "any holder of a claim against one or more of the Debtors who is required, but fails to file a proof of such claim in accordance with this Order on or before the Bar Date shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to . . . participate in any distribution in [the Bankruptcy Case] on account of such claim . . ." Bar Date Order at 6; A. 43.

Bankruptcy Rule 9006 governs the admission of proofs of claim after a court-ordered bar date. In re Enron Corp., 419 F.3d at 121. Under Bankruptcy Rule 9006, when an act is required to be done within a specific period, the court may extend that period in its discretion on motion made after the expiration of such period where the failure to act was the result of excusable neglect. Fed. R. Bankr. P. 9006(b)(1).[4] Thus, a bankruptcy court has discretion to allow a creditor to file a late proof of claim if the creditor establishes that her failure to file was the result of excusable neglect.

---

[4] Specifically, Bankruptcy Rule 9006(b)(1) provides that "when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1).

The burden of proving excusable neglect lies with the claimant.  In re Enron Corp., 419 F.3d at 121; Jones v. Chemetron Corp., 212 F.3d 199, 205 (3d Cir. 2000); In re Andover Togs, Inc., 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999).

When determining whether a party's failure to file a proof of claim by the bar date is excusable, the court may consider (1) the danger of prejudice of the debtor; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, such as whether it was within the reasonable control of the creditor; and (4) whether the creditor acted in good faith.  Pioneer Inv. Servs. Co., v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489 (1993).

Appellants failed to timely file a proof of claim in the Bankruptcy Case, and have not demonstrated that this failure was the result of excusable neglect.

## A.    Appellants Have Failed to Provide an Adequate Reason for the Delay in Filing a Proof of Claim

A creditor seeking to file a late proof of claim must articulate a genuine reason for the delay in filing the claim.  Pioneer, 507 U.S. at 388; In re Enron Corp., 298 B.R. 513, 526 (Bankr. S.D.N.Y. 2003), aff'd 419 F.3d 115 (2d Cir. 2005).  Many courts have held that fault in the delay to file a proof of claim is the preeminent factor in the excusable neglect analysis. United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004) ("fault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable" (quoting City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994)); Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) ("We have observed that the four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import." (internal quotation

marks and bracket omitted)); <u>Lowry v. McDonnell Douglas Corp.</u>, 211 F.3d 457, 463 (8th Cir. 2000) (same).

Appellants argue that the estate of Daniel Larney had no capacity under state law to receive notice, bring suit or file a proof of claim until Darlene Larney was appointed Administratrix on February 2, 2007. Appellants' Brief, at 11. Additionally, Appellants assert that although Appellants retained counsel prior to the appointment of Darlene Larney as Administratrix, their counsel was unable to advise Appellants that there was a potential claim against Appellees until certain records had been obtained and reviewed. Motion to File Late Claim, ¶ 10; A. 52. Accordingly, Appellants maintain that their failure to timely file a proof a claim was the result of excusable neglect. Appellants' Brief, at 11.

Appellants, however, openly admit that they are unable to find any cases supporting their proposition that prior to the appointment of an Administratrix, an estate is unable to receive notice, file suit or file a proof of claim and therefore any failure to file a proof of claim is excusable. Appellants' Brief, at 10. Appellees submit that the acknowledged lack of any case law or other support for Appellants' position amply illustrates that Appellants' position is simply untenable. All conduct and facts giving rise to Appellants' alleged claim took place prior to the Commencement Date, and Appellants were certainly aware of the possibility that they might have a claim. Appellants state that they retained counsel prior to February 2007 and filed suit against the Appellees on March 7, 2007; however, Appellants waited almost four months to seek leave to file a late claim, or nearly one year after the Bar Date and 22 months after Daniel Larney passed away. Even if the lengthy time that elapsed prior to the appointment of Darlene Larney as Administratrix might have provided some excuse for the delay (which Appellees do not concede), the subsequent delay in seeking leave to file a late claim was within Appellants' reasonable control, and is inexcusable.

**B.**    **The Length of Appellants' Delay in Filing a Proof of Claim Was Substantial**

In determining whether a delay in filing a proof of claim is too long to be excusable, courts generally consider the degree to which the delay "may disrupt the judicial administration of the case." In re Enron Corp., 419 F.3d at 128 (quoting In re Infiltrator Sys., Inc., 241 B.R. 278, 281 (Bankr. D. Conn. 1999)); see also In re XO Commc'ns, Inc., 301 B.R. at 797 ("The Court is concerned that deeming the late-filed Proof of Claim as timely at this stage of the case would unnecessarily delay administration of the Debtor's case"). The Bankruptcy Court for the Southern District of New York has held that six months is a substantial delay for purposes of the Pioneer analysis. See In re Enron Corp., 298 B.R. at 526. As stated by the Bankruptcy Court in XO Communications:

> "[T]he Bar Date Order [is] meant to function as a statute of limitations and effectively exclude such late claims in order to provide the Debtor and its creditors with finality to the claims process and permit the Debtor to make swift distributions under the Plan. To find otherwise, that is, outside of the context of excusable neglect, would vitiate the very purpose of the Bar Date Order and would clearly impact the Debtor's reorganization process."

In re XO Commc'ns, Inc., 301 B.R. at 797.

The Appellees filed their bankruptcy petitions on July 5, 2005 and the Bar Date established in the Bankruptcy Case was March 30, 2006. All of the incidents that gave rise to Appellants' alleged claims occurred prior to July 5, 2005. Appellants' claim arose prior to the Commencement Date and, under bankruptcy law, Appellants were required to file a proof of claim prior to the Bar Date. Instead, Appellants failed to file a timely proof of claim and sought to file a late claim more than one and one quarter years after the Bar Date. The length of this delay is substantial by any standard. Further, even accepting that the timing of the appointment of Darlene Larney as Administratrix might have resulted in some delay, the further delay in

seeking leave to file a late proof of claim even after her appointment was substantial, and inexcusable.

### C.    Allowing Appellants to File a Late Proof of Claim Would Substantially Prejudice the Appellees

When determining the danger of prejudice to the debtor of allowing a late filed proof of claim, courts have weighed a number of considerations, including (i) the size of the late claim in relation to the estate, (ii) whether a disclosure statement or plan has been filed or confirmed with knowledge of the existence of the claim, (iii) the disruptive effect that the late filing would have on a plan close to completion or upon the economic model upon which the plan was formulated and negotiated, and (iv) whether allowing a claim would be likely to precipitate a flood of similar claims. In re Enron Corp., 419 F.3d at 130; In re Keene Corp., 188 B.R. 903, 910, 913 (Bankr. S.D.N.Y. 1995).

As set forth in the Disclosure Statement, the Plan was structured in part in reliance on estimates of the Appellees' medical malpractice liability provided by Caronia in the Caronia Report. See, e.g., Disclosure Statement at 3-5, 50, 67-69; A. 188-90, 235, 252-54. This report was based on an analysis of timely filed claims and claims deemed timely filed as of October 2006. Allowing Appellants to file a late claim under these circumstances undermines key economic assumptions involved when the Appellees solicited acceptance of the Plan and when the Bankruptcy Court confirmed the Plan.

Moreover, allowing Appellants to file a late proof of claim could substantially and adversely affect the administration of the Plan. During the administration of the Bankruptcy Case, there have been many motions to file late proofs of claim and numerous other informal requests to file late proofs of claim. Allowing Appellants to file a late proof of claim may trigger

additional similar motions by other medical malpractice claimants. Clearly, the Appellees would be substantially prejudiced by allowing Appellants to file a late proof of claim at this time.

Each of the factors discussed above demonstrate that the Appellants' delay in filing a proof of claim should not be condoned as excusable neglect. Indeed, Appellants have not cited any bankruptcy cases that permit an unknown creditor entitled only to publication notice to file a late claim based on excusable neglect. Taken together, Appellants have not established that their failure timely file a proof of claim was the result of excusable neglect.

## CONCLUSION

For the reasons set forth above, the Bankruptcy Court appropriately exercised its discretion in denying Appellants' Motion to File Late Claim. First, the publication notice of the Bar Date provided by the Appellees was reasonable and sufficient to apprise Appellants of their rights in the Bankruptcy Case. Second, Appellants have failed to prove that their delay in filing a proof of claim, and equally importantly, their delay in filing a request for permission to file a late claim, was the result of excusable neglect. Therefore, this Court should deny Appellants' appeal and affirm the Order of the Bankruptcy Court.

Dated:  December 14, 2007
        New York, New York

Respectfully Submitted,

Deryck A. Palmer, Esq. (DAP 6351)
John J. Rapisardi, Esq. (JR 7781)
Andrew M. Troop, Esq. (AT 0750) (pro hac vice)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York  10281
Telephone:    (212) 504-6000
Facsimile:    (212) 504-6666

*Counsel to the Appellees*

# **APPENDIX**

The Appendix contains certain documents included in the Record on Appeal that have been cited in the Appellees' brief.  Due to the size of the Appendix, it has not been filed electronically, but a copy has been provided to the Court and to Appellant, and will be provided upon request.