TROLMAN, GLASER & LICHTMAN, P.C.
Attorneys at Law
777 Third avenue
New York, NY 10017
(212)750-1200
MICHAEL T. ALTMAN, Esq., (MA-2395)
MICHAEL A. MADONNA, Esq., (MAM-2965)
ROBERT B. JACKSON, Esq., (RJ-9884)
Attorneys for Appellants DARLENE LARNEY,
as Administratrix of the Estate of
DANIEL LARNEY, now deceased, and
DARLENE LARNEY, Individually

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re

SAINT VINCENTS CATHOLIC MEDICAL CENTERS
OF NEW YORK d/b/a SAINT VINCENT CATHOLIC
MEDICAL CENTERS, *et al,*

            Debtors,
------------------------------------------X
DARLENE LARNEY as Administratrix of
The Estate of DANIEL LARNEY, deceased,
and DARLENE LARNEY, individually,

            Appellants,

   -against-

SAINT VINCENT CATHOLIC MEDICAL
CENTERS OF NEW YORK, d/b/a SAINT VINCENT
CATHOLIC MEDICAL CENTERS, *et al.,*

            Appellees.
------------------------------------------X

Chapter 11

Case No. 05-14945
(ASH)

Case No. 07-cv-8778
(AKH)

**REPLY BRIEF ON APPEAL OF DARLENE LARNEY AS ADMINISTRATRIX OF THE ESTATE OF DANIEL LARNEY, AND DARLENE LARNEY INDIVIDUALLY FROM THE BANKRUPTCY COURT'S ORDER DENYING THEIR MOTION TO FILE LATE PROOF OF CLAIM**

**TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| ARGUMENT .................................................... | 1 |

**POINT I**
APPELLANTS WERE KNOWN DEBTORS AND SHOULD
HAVE BEEN GIVEN DIRECT NOTICE. THE BANKRUPTCY
COURT ABUSED ITS DISCRETION IN DETERMINING THAT
PUBLICATION NOTICE WAS SUFFICIENT WITH RESPECT TO
APPELLANTS........................................................ 4

**POINT II**
SINCE NO NOTICE WAS GIVEN OF THE INDIVIDUAL DOCTORS
COVERED BY THE SUBJECT BANKRUPTCY, APPELLANTS SHOULD
HAVE BEEN PERMITTED TO FILE A LATE PROOF OF CLAIM WITH
RESPECT TO THEIR CLAIMS AGAINST THOSE INDIVIDUAL DOCTORS.. 7

**POINT III**
SINCE THE ESTATE OF DANIEL LARNEY HAD NO
REPRESENTATIVE, CAPACITY TO RECEIVE NOTICE, OR RIGHT
TO BRING SUIT AT EITHER THE TIME THE NOTICE BY PUBLICATION
WAS PROVIDED OR AT THE TIME THE PROOF OF CLAIM FILING DEADLINE
PASSED, THE ESTATE AND ITS ADMINISTRATRIX SHOULD HAVE BEEN
GRANTED PERMISSION TO FILE A LATE PROOF OF
CLAIM........................................................... 8

**POINT IV**
IN THE EVENT IT IS DETERMINED APPELLANTS WERE GIVEN
NOTICE, THE FAILURE OF APPELLANTS TO FILE A TIMELY
PROOF OF CLAIM WAS THE RESULT OF EXCUSABLE
NEGLECT........................................................ 10

**CONCLUSION** .................................................. 14

**TABLE OF AUTHORITIES**

**FEDERAL CASES**                                                          **PAGES**

Daewoo International (America) Corp.
Creditor Trust v. SSTS America Corp.,
2003 WL 21355214, 2003 U.S. Dist. Lexis
9802 (S.D.N.Y. 2003) (unreported) ....................   2

DePippo v. Kmart Corp.,
335 B.R. 290 (S.D.N.Y. 2005) .........................   2

Chemetron Corp. v. Jones,
72 F.3d 341 (3d Cir. 1995)............................   4, 6

City of New York v. New York N.H. & H.R. Co.,
344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333 (1953)....   4,6,7,10

In Re: Enron Corp., 419 F.3d 115 (2d Cir. 2005)........   3,10,11,12,13

Pioneer Investment Services, Inc. v.
Brunswick Associated Limited Partnership,
507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)..   3,10,11,12,13

Tulsa v. Pope,
485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565 (1988)  . 4,6,7,10

In Re:  U.S.H. Corp. of New York,
223 B.R. 654 (Bankruptcy S.D.N.Y. 1998).............   4,6,7,10

**STATE CASES**

Grosso v. Estate of Gershonson,
33 A.D.2d 587, 822 N.Y.S.2d 150 (2nd Dept. 2006).....   9

**STATE STATUTES**

CPLR 210 .............................................   9

EPTL 11-3.2 (b) ......................................   9

TROLMAN, GLASER & LICHTMAN, P.C.
Attorneys at Law
777 Third avenue
New York, NY 10017
(212)750-1200
MICHAEL T. ALTMAN, Esq., (MA-2395)
MICHAEL A. MADONNA, Esq., (MAM-2965)
ROBERT B. JACKSON, Esq., (RJ-9884)
Attorneys for Appellants DARLENE LARNEY,
as Administratrix of the Estate of
DANIEL LARNEY, now deceased, and
DARLENE LARNEY, Individually

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
In re                                         Chapter 11

SAINT VINCENTS CATHOLIC MEDICAL CENTERS        Case No. 05-14945
OF NEW YORK d/b/a SAINT VINCENT CATHOLIC       (ASH)
MEDICAL CENTERS, *et al*,

                            Debtors,
-----------------------------------------X
DARLENE LARNEY as Administratrix of
The Estate of DANIEL LARNEY, deceased,
and DARLENE LARNEY, individually,

                            Appellants,
                                              Case No. 07-cv-8778
        -against-                             (AKH)

SAINT VINCENT CATHOLIC MEDICAL
CENTERS OF NEW YORK, d/b/a SAINT VINCENT
CATHOLIC MEDICAL CENTERS, *et al.*,

                            Appellees.
-----------------------------------------X

**REPLY BRIEF ON APPEAL OF DARLENE LARNEY AS ADMINISTRATRIX OF THE
ESTATE OF DANIEL LARNEY, AND DARLENE LARNEY INDIVIDUALLY FROM THE
BANKRUPTCY COURT'S ORDER DENYING THEIR MOTION TO FILE LATE PROOF OF
CLAIM**

**ARGUMENT**

Appellees' Brief is more notable for what it omits than for what it asserts. To be sure, Appellees have cited many cases in their Brief. Virtually all of those cases stand for the very propositions

Appellants assert warrant reversing the bankruptcy court's Order. As well be demonstrated below, Appellees have either ignored or glossed over Appellants' arguments. We respectfully submit that Appellees' inability to legitimately counter Appellants' arguments concerning the unique and compelling issues presented on this appeal demonstrates that Appellants' appeal is meritorious and should result in reversal of the bankruptcy court's Order.

Indeed, Appellees' arguments concerning prejudice reflect the error in Appellees' (and the bankruptcy court's) view of the issues presented. Appellees argue that looking at the matter globally, the claims of all parties seeking permission to file a Late Proof of Claim should be denied since "there have been many motions to file late proofs of claim and numerous other informal requests to file late proofs of claim. Allowing Appellants to file a late proof of claim may trigger additional similar motions by other medical malpractice claimants" (Appellees' Brief at 16-17).

This reasoning, which we submit explains the bankruptcy court's determination, is in conflict with the applicable law. In considering Appellants' claim and application to file a late Proof of Claim, the volume of other potential claimants who might seek similar relief is irrelevant, as is consideration of what impact granting such application might have upon other potential claims.[1] Rather, as set forth in our Initial Brief, the applicable law mandates that the question of "[w]hether a creditor received adequate notice is a fact

---

[1] That said, Appellees' assertions concerning the impact of finding for Appellants are baseless. There is simply no reason to believe that given the unique circumstances presented here, vindication of Appellants' right to file a late Proof of Claim would have any impact upon the course to be taken by other potential claimants.

specific inquiry and depends on the facts and circumstances of each case." <u>DePippo v. Kmart Corp.</u>, 335 B.R. 290 (S.D.N.Y. 2005); <u>Daewoo International (America) Corp. Creditor Trust v. SSTS America Corp.</u>, 2003 WL 21355214, 2003 U.S. Dist. Lexis 9802 (S.D.N.Y. 2003) (unreported). Similarly, the determination of whether there was an excusable neglect for a failure to timely file a proof of claim (if there had been notice) is also a fact-specific question related to the circumstances presented in each individual case. <u>See</u> <u>Pioneer Investment Services, Inc. v. Brunswick Associated Limited Partnership</u>, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993); <u>In Re: Enron Corp.</u>, 419 F.3d 115 (2d Cir. 2005).

Unfortunately, as demonstrated in our Initial Brief, the Record strongly supports the notion that the bankruptcy court did not consider the specific details presented in the subject application before rejecting it. As discussed, the Order made reference to its consideration of "the statements, **if any**, made on the record in support of and in opposition to the relief requested in the Motion at a hearing held in the Cases before this Court on august 27, 2007" (emphasis added). Appellants did not attend the hearing and were not represented there. Further, the Order provides no discussion whatsoever of the issues presented on the subject motion or the unique issues presented. <u>See</u> Docket No. 3626. Other than simply saying that the bankruptcy court "based its decision" upon the evidence presented (Appellees' Brief at 8), Appellees do not even pretend that there is any indication whatsoever in the Record that would support their bald assertion.[2]

---

[2] At page 1, Fn. 1 of their Brief, Appellees assert that because the "issues

3

**POINT I**

**APPELLANTS WERE KNOWN DEBTORS AND SHOULD HAVE BEEN GIVEN DIRECT NOTICE.  THE BANKRUPTCY COURT ABUSED ITS DISCRETION IN DETERMINING THAT PUBLICATION NOTICE WAS SUFFICIENT WITH RESPECT TO APPELLANTS.**

Citing many of the cases cited in our Initial Brief, Appellees agree that where a creditor or potential creditor is actually known or reasonably ascertainable, such a potential creditor is considered to be a "known creditor" and must be provided with actual notice; notice by publication will not suffice.  Where a creditor is not known and is not reasonable ascertainable, notice by publication will suffice.  Appellees' Brief at 7; <u>Tulsa v. Pope</u>, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565 (1988); <u>City of New York v. New York N.H. & H.R. Co.</u>, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333 (1953); <u>In Re: U.S.H. Corp. of New York</u>, 223 B.R. 654 (Bankruptcy S.D.N.Y. 1998).  Appellees also agree that any potential creditor whose claims could be reasonably ascertained from a "diligent" search of the bankrupt's own records is a "know creditor."  Appellees' Brief at 7-8; <u>Chemetron Corp. v. Jones</u>, 72 F.3d 341 (3d Cir. 1995); <u>In Re: U.S.H. Corp. of New York</u>, 223 B.R. 654.

Appellees are also strained to concede that due process mandates that adequate notice be provided and do not raise any challenge to our assertion (and implicitly concede) that a failure to provide adequate

---

presented on appeal" as "stated" in our Designation of Items to be Included on the Record on Appeal are different from how we "state the issues presented" in our Initial Brief, we somehow improperly "revis[ed]" our appellate claims.  That is simply not true.  Our Designation of Items to be Included on the Record on Appeal described the issues presented as being that: 1) Appellants were not given notice; and 2) any neglect on their part was excusable.  Appellants make no claim on the Instant Appeal that does not fall within those two categories.  In any event, in the same footnote, Appellees admit they have had a full and fair opportunity to "address[] <u>all</u> of the issues presented by Appellants" (emphasis in original).

notice will preclude discharge of the potential creditor's claim. Appellees' Brief at 7; Tulsa, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565; City of New York, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333; In Re: U.S.H. Corp. of New York, 223 B.R. 654.

As demonstrated in our Initial Brief: the unchallenged evidence before the bankruptcy court was that Daniel Larney checked into St. Vincents for evaluation of possible pneumonia and anemia and died less that two months later, in St. Vincents under the care of Debtors-Appellees.  See Docket Nos. 3326, 3561.  As we argued to the bankruptcy court:

> It would certainly be reasonable to presume that the family of a person who had died while a patient of the Debtors after being admitted to one of their institutions for the treatment of a condition that was not immediately life threatening (possible pneumonia and anemia) would likely file suit for the patient's wrongful death.

Docket No. 3561.

Appellees' Brief does not challenge our factual claims nor does it address how it is that diligent efforts could have failed to reveal to Appellees, from a search of their own records, that there was a potential (and probable) medical malpractice claim to be made concerning the treatment Mr. Larney received.  A review of Appellees' records would have revealed that: 1) Mr. Larney went to the hospital for conditions that were not life threatening; 2) he was admitted for those conditions which were not dire; 3) Mr. Larney was a patient resident in Appellees' hospital until he died; and 4) Mr. Larney was under the care of Appellees from the time he went to St. Vincent's until he died.  These undisputed facts should have alerted the hospital's risk management department to the potential claim, the

5

matter should have been flagged, and notice should have been given.[3]

    Appellees' response to the clear record of there being a reasonably ascertainable claim for the care and treatment afforded (or not afforded) to Mr. Larney, is to baldly assert that "[q]uite simply, not every adverse outcome in a hospital is malpractice giving rise to a claim" (Appellees' Brief at 6).  That is certainly true (and certainly simple).  In fact, we would agree that the vast majority of "adverse outcomes" might not give rise to a claim.  But death (especially after having been admitted for conditions which were not life threatening) is not just another "adverse outcome."  It is our position that there is a reasonably ascertainable claim for every hospital patient had been admitted for conditions that were not life threatening but then died a short time later, while still under the care of the hospital.  Appellees have made no argument demonstrating why this is wrong nor have they claimed that these were not the facts here.

    We respectfully submit that since the claim related to the treatment of Mr. Larney was reasonably ascertainable (indeed, it was more than reasonably ascertainable, under the circumstances, Mr. Larney's file should have been identified and flagged by the hospital's Risk Management Department), Appellants were known debtors. See Chemetron Corp. v. Jones, 72 F.3d 341 (3d Cir. 1995); In Re: U.S.H. Corp. of New York, 223 B.R. 654.  As demonstrated in our Initial Brief, and as conceded by Appellees (Appellees' Brief at 7-8), known creditors have a due process right to actual notice and notice

---

[3] Indeed, it is likely that Appellees engaged in their the common practice of holding a M and M (morbidity and mortality) conference with respect to Mr. Larney's death.

6

by publication is insufficient to provide such notice. <u>Tulsa</u>, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565; <u>City of New York</u>, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333; <u>In Re: U.S.H. Corp. of New York</u>, 223 B.R. 654. Accordingly, Appellants had a due process right to actual notice. Since none was provided, the bankruptcy could not have been discharged with respect to Appellants and the bankruptcy court abused its discretion in determining that Appellants' claim had been discharged. <u>See</u>, <u>id</u>.

**POINT II**

**SINCE NO NOTICE WAS GIVEN OF THE INDIVIDUAL DOCTORS COVERED BY THE SUBJECT BANKRUPTCY, APPELLANTS SHOULD HAVE BEEN PERMITTED TO FILE A LATE PROOF OF CLAIM WITH RESPECT TO THEIR CLAIMS AGAINST THOSE INDIVIDUAL DOCTORS.**

As demonstrated in our Initial Brief, Appellants did not learn of that any of the Defendant doctors in the state court malpractice action were covered by the subject bankruptcy until after the Proof of Claim filing deadline had passed and they were served with a "Notice of Bankruptcy" from counsel for many of the individual named Defendants in the state court action on or about April 19, 2007. It is undisputed that none of the publication notices published with respect to the subject bankruptcy listed or named any of the individual Defendants as being subject to the bankruptcy. Docket Nos. 1270, 1271, 1279, 1280; <u>see</u> Docket Nos. 962, 1037. Accordingly, Appellants received no notice (either directly or by publication) that the individual doctors were covered by the subject bankruptcy (or any bankruptcy).

Thus, Appellants were denied their due process right to notice

7

before their claims against the individually named doctor Defendants could be discharged by the bankruptcy court and the bankruptcy court abused its discretion when it denied Appellants' application to file a late Proof of Claim with respect to the individually named doctor Defendants who are subject to the bankruptcy.  See Tulsa, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565; City of New York, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333; In Re: U.S.H. Corp. of New York, 223 B.R. 654.

Remarkably, Appellees' Brief does not address this issue at all.  (Again, this was the second point of our Brief and had its own point heading; it was not hidden.)  Accordingly, we submit that Appellees have conceded the issue.  Since it is clear and unchallenged that, with respect to the individual doctors covered by the subject bankruptcy, Appellants were not provided the notice to which they had a due process right, the bankruptcy court abused its discretion in determining that Appellants could not file a late Proof of Claim with respect to those individual Defendant doctors.

**POINT III**

**SINCE THE ESTATE OF DANIEL LARNEY HAD NO REPRESENTATIVE, CAPACITY TO RECEIVE NOTICE, OR RIGHT TO BRING SUIT AT EITHER THE TIME THE NOTICE BY PUBLICATION WAS PROVIDED OR AT THE TIME THE PROOF OF CLAIM FILING DEADLINE PASSED, THE ESTATE AND ITS ADMINISTRATRIX SHOULD HAVE BEEN GRANTED PERMISSION TO FILE A LATE PROOF OF CLAIM.**

Ms. Larney was appointed Administratrix for the Estate of Daniel Larney (the "Estate") on February 2, 2007.  Until that moment, the Estate had no legal representative, capacity to receive notice, or capacity to sue under New York State law.  In other words, Appellant Darlene Larney, as Administratrix for the Estate, did not exist at the time notice by publication was made nor at the time the Proof of Claim

deadline passed. Thus, at those times the Estate had no capacity receive any notice that may have been provided of the bankruptcy or to file suit for Debtors-Appellees' (or any Defendants') negligence or for the wrongful death of Daniel Larney. See Docket Nos. 3326, 3561. For this reason, the Estate (and its Administratrix) should have been permitted to file a late Proof of Claim once the Administratrix had been appointed and learned of the bankruptcy.

In opposition, Appellees argue that "Appellants, however, openly admit that they are unable to find any cases supporting their proposition that prior to the appointment of an Administratrix, an estate is unable to receive notice, file suit or file a proof of claim … Appellees submit that the acknowledged lack of any case law or other support for Appellants' position amply illustrates that Appellants' position is simply untenable." Appellees' Brief at 14.[4] Having thrown down the gauntlet and called Appellants to task for not finding any cases on these issues, one would expect that Appellees would then cite to at least a single case or provide other support for the proposition that Appellants' position is wrong. Apparently though, Appellees could not find any cases on this issue either. Applying Appellants own reasoning then, the "lack of any case law or other support for Appell[ee]s' position amply illustrates that Appell[ee]s' position is simply untenable."

Of course, there is much support for the proposition that in New York an estate can not act until an administrator is appointed. See

---

[4] Appellees' arguments in this regards were made in the context of addressing the issue of excusable neglect. Appellees' Brief did not address Appellants' primary assertion with respect to this issue: that the Estate did not have capacity to receive notice and thus, it could not have received notice and its claim could not have been discharged.

9

CPLR 210; EPTL 11-3.2 (b); Grosso v. Estate of Gershonson, 33 A.D.2d 587, 822 N.Y.S.2d 150 (2nd Dept. 2006) ("[a]n estate is not a legal entity and any action for or against the estate must be by or against the administrator in his or her representative capacity"). Because the law on this issue is clear, we did not think citation necessary. We then asserted that because the law was clear that the Estate had no capacity to act until an administrator was appointed, "the Estate should have been granted permission to file a late Proof of Claim" (Appellants' Initial Brief at 13). Our only assertion concerning a lack of case law was that there was none either supporting or controverting Appellants' assertion that the Estate's lack of capacity prior to appointment of an administrator meant once an administrator had been appointed, "the Estate should have been granted permission to file a late Proof of Claim." Notably, it appears that Appellees have similarly been able to find any cases on point.

    We respectfully submit that in this matter of first impression, logic, justice, and the applicable law virtually compel a finding that the bankruptcy court abused its discretion in denying Appellant the Estate's application for permission to file a Late Proof of Claim. As demonstrated above, the Estate had a due process right to notice of the bankruptcy. Tulsa, 485 U.S. 478, 108 S. Ct. 1340, 99 L. Ed.2d 565; City of New York, 344 U.S. 293, 73 S. Ct. 299, 97 L. Ed. 333; In Re: U.S.H. Corp. of New York, 223 B.R. 654. We submit that the evidence establishes the Estate had no capacity to receive notice at the time notice by publication was made; accordingly, no notice was given to the Estate. As a result, the Estate's claim was not extinguished and the bankruptcy court abused its discretion when it

10

denied the Estate permission to file a late Proof of claim.

### POINT IV

**IN THE EVENT IT IS DETERMINED APPELLANTS WERE GIVEN NOTICE, THE FAILURE OF APPELLANTS TO FILE A TIMELY PROOF OF CLAIM WAS THE RESULT OF EXCUSABLE NEGLECT.**

The determination as to whether a neglect to timely file was excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Services, Inc., 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74; In Re: Enron Corp., 419 F.3d 115.  We respectfully submit that even should this Court somehow determine that the notice to Appellants was adequate, Appellant's inability to timely file a Proof of Claim should have been excused.  The factors to be considered include: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith" (the "Pioneer test"). Pioneer, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74.  As we asserted and Appellees agree, in applying the Pioneer test, courts focus upon the third factor: "the reason for the delay, including whether it was within the reasonable control of the movant." Appellees' Brief at 13; see In Re: Enron Corp., 419 F.3d 115.  We concede it is true that in most cases the importance given to the "reason for the delay" factor does not bode well for the potential claimant (see id.) but assert that is not the case here.

In our Initial Brief, for our first argument in this regard, we asserted "[w]ith respect to the individual Defendant-Appellee doctors, the decision not to name or list the individuals in the bankruptcy

11

notice publications was wholly in the province of the Debtors-Appellees and the bankruptcy court. Appellants had no role in the decision not to make the public aware that individual doctors were covered by the bankruptcy." Appellees' Brief does not even address this issue. We submit this unchallenged argument is compelling and, at a minimum, even if this Court should somehow find that Appellants were correctly deemed to have notice that the individually named doctors were subject to the bankruptcy notwithstanding that no notice was ever given, the fact that Appellants did nothing wrong, were never informed that the individually named doctors were subject to the bankruptcy, and had no control over not having been informed -- at worst for Appellants -- would constitute "excusable neglect," and they should nonetheless have been permitted to file a late Proof of Claim with respect to those individual doctors.

Next, As demonstrated in our Initial Brief and above at Point III, the Appellant Darlene Larney, as Administratrix for the Estate, did not exist (in that capacity) at the times notice by publication was made or the Proof of Claim deadline came and passed. The Estate had no capacity under state law to receive notice or to bring suit or make claim until an Administratrix was appointed on February 2, 2007. As demonstrated above in Point III, Appellees' argument that the lack of case law on this issue somehow demonstrates that Appellant's assertion has no merit, is wrong. The converse argument, that the lack of support demonstrates that Appellees' position is wrong should carry just as much weight. As a matter of equity (which is the appropriate consideration -- see Pioneer Investment Services, Inc., 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74; In Re: Enron Corp., 419

12

F.3d 115), it would be wrong to bar an entity that did not have the capacity to receive notice or make claim at the time the Proof of Claim deadline passed, from receiving permission to file a late Proof of Claim one such capacity was granted by the Surrogate's Court.

As to the length of the delay, Appellees argue that the delay after an Administratrix was appointed for the Estate "was substantial, and inexcusable." Appellees' Brief at 15-16.  that is just not so. The Administratrix was appointed in February of 2007.  Appellants made their application in July.  The Administratrix has given her unchallenged averment that she did not learn of the bankruptcy until some time on or after April 19, 2007, when a "Notice of Bankruptcy" was sent by counsel for many of the individual named Defendants in the state court action (Docket No. 3561).  We respectfully submit that since no notice was provided from the time the estate gained capacity to sue until April 19, 2007, and the application for leave to file a late Proof of Claim was made less than two months later (Docket No. 3326), the brief delay was not at all substantial and was entirely excusable.

With respect to prejudice, as discussed above, Appellees arguments related to the impact allowing a late filing in this matter would have on other matters, it irrelevant for a whole host of reasons.  First of all, outside considerations are not at issue.  The determination should be case-specific, involving primarily consideration of the issues presented by the facts and circumstances presented. <u>Pioneer Investment Services, Inc.</u>, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74; <u>In Re: Enron Corp.</u>, 419 F.3d 115.  Second, it strains credulity to believe that other potential claimants are

13

sitting back to see how the appeal of this particular application is decided before determining how they will proceed. Finally, given the unique fact pattern presented here, there is no reason to believe (or fear) that the Court's determination of this matter will open the floodgates to other applications for leave to file a late Proof of Claim or for more appeals.

Moreover, Appellees have not challenged that at the time the instant matter was before the bankruptcy court, no reorganization plan had been finalized or voted upon. Thus, Appellees' arguments concerning the impact of allowing Appellants to file a late Proof of Claim ring hollow. Notably, although Appellees affirmatively assert that the size of the claim in relation to the size of the estate is a factor to be considered in determining prejudice (Appellees' Brief at 16), they fail to otherwise address this issue. The reason is clear: Appellants' claim is statistically negligible in light of the total unsecured claims in the subject bankruptcy of almost $400,000,000.00 (see Docket No. 3561).

As we argued in our Initial Brief, the final prong of the Pioneer test, "whether the movant acted in good faith," should also factor heavily in Appellants' favor. Appellees do not make any claim or assertion to the contrary.

Application of the individual prongs of the Pioneer test, and overall consideration of the equities, all weigh in Appellants' favor. Accordingly, even if there were notice, Appellants' failure to timely file a Proof of Claim should have been excused.

## CONCLUSION

Since Appellants were known debtors as their claim should have

14

been ascertained by a diligent search of the bankrupts' own records, Appellants had a due process right to direct notice which was never given. Accordingly, their rights to bring claim have never been discharged and Appellants application for permission to file a late Proof of Claim should have been granted.

In any event, since no notice, either direct or by publication, was ever provided with respect to the individual doctor Debtor Defendants-Appellees, Appellants' due process right to notice was violated, their rights to bring claim against the individual doctor Debtor Defendants-Appellees have never been discharged and Appellants' application for permission to file a late Proof of Claim for all claims against the individual doctor Debtor Defendants-Appellees should have been granted.

Since no administrator had been appointed for the Estate at the times notice was published and the Proof of Claim fling deadline passed and the Estate had no capacity to act, receive notice, or bring claim under state law at such times, at a minimum, the Estate and Darlene Larney, in her role as Administratrix (even if not individually), should have been permitted to file a late Proof of Claim.

Finally, even if Appellants could somehow be deemed to have been given notice of the bankruptcy Debtors (notwithstanding that the Estate had no capacity to receive such notice at the time it was given and the individual doctor Debtor Defendants were not listed or named in any publication notice), application of the Pioneer test demonstrates that any neglect by Appellants was excusable and it was error to either have not considered the unique facts presented or to

15

have found that they did not demonstrate excusable neglect. Even if this Court were to find that such is not the case with respect to all Appellants or all of Appellants' claims, it is undoubtedly true with respect to Appellants' claims against the individual doctor Debtor Defendants-Appellees and all claims made by the Estate and Darlene Larney, in her capacity as Administratrix.

For all the foregoing reasons, the August 28, 2007 Order of United States Bankruptcy Judge Adlai S. Hardin, Jr., which denied Appellants' motion for extension of time to file a late Proof of Claim (Docket No. 3626) should be reversed and Appellants' application for permission to file a late Proof of Claim should be granted.

Dated: New York, New York
       December 27, 2007

/s/ MICHAEL T. ALTMAN
MICHAEL T. ALTMAN, Esq., (MA-2395)
MICHAEL A. MADONNA, Esq., (MAM-2965)
ROBERT B. JACKSON, Esq., (RJ-9884)
TROLMAN, GLASER & LICHTMAN, P.C.
Attorneys at Law
777 Third avenue
New York, NY 10017
(212)750-1200

Attorneys for Appellants DARLENE LARNEY, as Administratrix of the Estate of DANIEL LARNEY, now deceased, and DARLENE LARNEY, Individually

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  }
                   } ss.:
COUNTY OF NEW YORK }

MICHAEL T. ALTMAN, being duly sworn, deposes and says:

    Deponent is not a party to the action, is over the age of 18 years and resides in New York.

    That on the 27th day of December, 2007, deponent served the within **APPEAL OF DARLENE LARNEY AS ADMINISTRATRIX OF THE ESTATE OF DANIEL LARNEY, AND DARLENE LARNEY INDIVIDUALLY FROM THE BANKRUPTCY COURT'S ORDER DENYING THEIR MOTION TO FILE LATE PROOF OF CLAIM** upon the following, at the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States Postal Service, within the State of New York **AND VIA E-MAIL AT ANDREW. TROOP@CWT.COM**:

ANDREW M. TROOP, ESQ.
CADWALADER, WICKERSHAM & TAFT, LLP.
One World Financial Center
New York, NY 10218

                /s/ MICHAEL T. ALTMAN
                MICHAEL T. ALTMAN, Esq., (MA-2395)

Sworn to before me this
27th day of December, 2007

    /s/ BETTY VIDAURRE
    BETTY VIDAURRE
    Notary Public of the State of New York
    My Commission Expires 12/1//2007