UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                          :

In re                         :

SAINT VINCENTS CATHOLIC     :
MEDICAL CENTERS OF NEW YORK  :
d/b/a SAINT VINCENT CATHOLIC   :
MEDICAL CENTERS, et al.        :

          Debtors.         :

-----------------------------------------------------X
-----------------------------------------------------X
                          :

DARLENE LARNEY, as Administratrix :
of the estate of DANIEL LARNEY,   :
deceased, and DARLENE LARNEY,   :
individually,               :

          v.               :

SAINT VINCENTS CATHOLIC     :
MEDICAL CENTERS OF NEW YORK  :
d/b/a SAINT VINCENT CATHOLIC   :
MEDICAL CENTERS, et al.        :

          Appellees.     :
-----------------------------------------------------X

**ORDER AFFIRMING RULING
OF THE BANKRUPTCY COURT**

Chapter 11

05-14945 (ASH)

07 Civ. 8778 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Darlene Larney, as administratrix for the estate of Daniel Larney and in

her individual capacity, brings this appeal of the bankruptcy court's order denying her

motion to file late proof of claim. For the reasons stated below, the decision of the

bankruptcy court is affirmed.

### Factual and Procedural Background

        Daniel Larney was admitted to the emergency room at Saint Vincent's

Hospital and Medical Center of New York ("Saint Vincent's") on March 31, 2005 for

evaluation of possible pneumonia and anemia.  Mr. Larney passed away in the hospital on May 7, 2005.

On July 5, 2005, Appellees filed a voluntary petition for bankruptcy pursuant to 11 U.S.C. §§ 101 et seq., in the United States Bankruptcy Court for the Southern District of New York.  By order dated January 25, 2006, the Bankruptcy Court set March 30, 2006 at 4:00 pm Eastern Standard Time as the deadline for filing proofs of claim in the bankruptcy proceedings.  The Bankruptcy Court also approved the method and form of notice proposed by Appellees.  The Bankruptcy Court's order required the notice to be mailed directly to known creditors and all parties known to have potential claims, and to be published in the New York Times (National Edition) and the largest local paper of general circulation in Brooklyn, Queens, Staten Island, the Bronx and Westchester.  The notice was to be published for the benefit of potential but unknown claimants pursuant to Fed. R. Bankr. P. 2002(l).  The notice ran in the New York Times, the Daily News and the Staten Island Advance on March 9, 2006, and in The Journal News on March 10, 2006.  Darlene Larney did not file a proof of claim in any capacity prior to the March 30, 2006 deadline.

At some time prior to February 2, 2007, Ms. Larney obtained counsel, and on February 2, 2007, Ms. Larney was named the administratrix of Daniel Larney's estate. Counsel for Ms. Larney claims that the delay in naming Ms. Larney as administratrix was caused by a filing error in the Surrogates Court.  On March 7, 2007, Appellants filed a complaint against Appellees and other individually-named physicians in New York Supreme Court for medical negligence and malpractice.  On April 17, 2007, Ms. Larney's counsel received a Notice of Bankruptcy informing her of the bankruptcy

proceedings against Appellees.  Appellees have asserted that many of the individually-named defendants in Ms. Larney's malpractice suit are covered by the bankruptcy.[1]

On June 5, 2007, Appellees filed their first amended chapter 11 plan for reorganization and liquidation.  In the related Disclosure Statement, Appellees disclosed that the plan was structured based on estimates of medical malpractice liability arising out of timely filed claims and claims deemed timely as of October 2006.  The Bankruptcy Court approved this plan on July 27, 2007, and the plan went into effect on August 30, 2007.

On July 2, 2007, Ms. Larney filed a motion in Bankruptcy Court seeking permission to file a late notice of claim.  On July 17, 2007, Appellees filed an objection to Ms. Larney's motion.  Ms. Larney filed reply papers on August 9, 2007.  The Bankruptcy Court held a hearing on the motion on August 27, 2007, at which neither Ms. Larney nor a representative on her behalf appeared.  The Bankruptcy Court entered a summary order denying Ms. Larney's motion on August 27, 2007.  Ms. Larney filed an appeal of the decision of the Bankruptcy Court on October 11, 2007.

## Discussion

Bankruptcy Rule 3003(c)(3) states that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim may be filed."  Pursuant to Rule 9006(b)(1), the Bankruptcy Court may allow a proof of claim to be filed after the deadline if, in its discretion, it judges that the late filing was a product of excusable neglect.  Because the Bankruptcy Rules provide that the determination is within the Bankruptcy judge's discretion, I must review the Bankruptcy Court's decision denying a

---

[1] .  Ms. Larney notes in her brief that the individual's names did not appear in the published notice.

request to file a late notice of claim under the abuse of discretion standard.  In re Enron

Corp., 419 F.3d 115, 124 (2d Cir. 2005); In re Drexel Burnham Lambert Group, Inc., 146

B.R. 84, 86 (S.D.N.Y. 1992).

Ms. Larney raises two arguments in support of her appeal: first, that she

was a known claimant, and therefore should have received direct notice, and second, that

even if the publication notice was sufficient, Ms. Larney's failure to file a timely notice

of claim was the result of excusable neglect.

On her first claim, Ms. Larney argues that because Daniel Larney was

admitted to the hospital for non-life threatening illnesses (potential pneumonia and

anemia) and died under the hospital staff's care, Saint Vincent's should have been on

notice that Daniel Larney's estate would pursue a medical malpractice claim against it.  I

do not believe that the Bankruptcy Court abused its discretion in rejecting this argument.

The mere fact that Daniel Larney died after spending several weeks in the hospital,

without more, does not convert Mr. Larney's estate into a known creditor.  As an

unknown creditor, constructive notice of the bankruptcy proceedings is sufficient.

DePippo v. Kmart Corp., 335 B.R. 290, 297 (S.D.N.Y. 2005).

With regard to her second claim, Ms. Larney argues that even if the notice

given by Appellees was sufficient, her failure to file a timely notice of claim on behalf of

her late husband's estate and on her own behalf was due to excusable neglect, and the

Bankruptcy Court abused its discretion in finding otherwise.  Ms. Larney argues that the

significant delay in her appointment as administratrix for Mr. Larney's estate, due to a

filing error in Surrogates Court, constitutes excusable neglect.

In determining whether a claimant has advanced a reasoning that qualifies as excusable neglect, the court may consider several factors: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reasons for the delay, such as whether it was within the reasonable control of the creditor; and (4) whether the creditor acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). The Supreme Court has held that the determination of whether late notice is excusable is ultimately an equitable inquiry, taking into consideration the circumstances surrounding the neglect. Id. The Second Circuit has stated, "[i]n our cases addressing when neglect is 'excusable', we have . . . taken a hard line." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 368 (2d Cir. 2005)

Both parties acknowledge that courts generally consider fault in the delay to file a late notice to be the most important factor in determining whether the delay is excusable. See, e.g., In re Enron Corp., 419 F.3d at 122-23; Silivanch, 333 F.3d at 366; United States v. Torres, 372 F.3d 1159, 1162-63 (10th Cir. 2004). Ms. Larney argues that this factor weighs in her favor, as the cause for delay in filing the late notice of claim resulted from the filing errors in Surrogates Court which held up her appointment as administratrix over her late husband's estate until February 2007, after the deadline had already passed. This argument is insufficient to excuse the neglect for several reasons. First, Ms. Larney brings this action in her individual capacity as well as in her capacity as administratrix. There is no justifiable reason why Ms. Larney's late filing should be excused, and as such, her individual action should not be allowed to go forward. Second, though Ms. Larney was appointed as administratrix in February 2007, she did not file a

late notice of claim until five months later, on July 2, 2007. By the time Ms. Larney had

filed the late notice of claim on behalf of her husband's estate, Appellees had already

filed its reorganization plan with the Bankruptcy Court. Under these circumstances, I

cannot say that the Bankruptcy Court abused its discretion in denying Ms. Larney's

motion.

**Conclusion**

For the aforementioned reasons, the judgment of the Bankruptcy Court is

affirmed. The clerk of the court shall mark the case as closed.

SO ORDERED.

Dated:        New York, New York
              February 6, 2008

                                      ALVIN K. HELLERSTEIN
                                      United States District Judge